UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ESTHER HANKERSON )
216 Graiden Street )
Upper Marlboro, MD 20774 )
 )
and )
 )
CONSTANCE M. PENDERGRASS )
3106 Alabama Avenue, SE )
WASHINGTON, DC 20020 )
 )
                       Plaintiffs,

CASE NUMBER 1:06CV02170
JUDGE: Ricardo M. Urbina
DECK TYPE: Labor/ERISA (non-employme
DATE STAMP: 12/21/2006

v.

WASHINGTON TEACHERS' UNION, )
LOCAL 6, AMERICAN FEDERATION OF )
TEACHERS, AFL-CIO )
1717 K Street, NW )
Washington, DC 20005, )
 )
                       Defendant. )

## COMPLAINT BY EMPLOYEE PENSION BENEFIT PLAN PARTICPANTS TO REQUEST PENALTY FOR FAILURE OF PLAN ADMINSITRATOR TO TIMELY RESPOND TO THEIR WRITTEN REQUEST FOR PLAN DOCUMENTS

### INTRODUCTION

Plaintiffs, Esther Hankerson and Constance M. Pendergrass (collectively, the "Plaintiffs"), by their undersigned counsel, hereby complain and allege as follows.

1.    This is an action seeking relief under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Sections 1001, *et seq.*, specifically Section 502 of ERISA, 29 U.S.C. §1132. Plaintiffs seek to recover a statutorily authorized penalty where the Plan

1

Administrator failed to timely respond to their written request for Plan documents for the employee pension benefit plan or plans in which they were participants, and has not as of the date these Plaintiffs commence this action, provided all the information the Plaintiffs have requested in writing. Plaintiffs also seek an award of attorney's fees and costs.

2. This court has jurisdiction of the issues raised herein pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1131 in that this action presents a federal question.

3. Venue is appropriate under Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2) in that the Plan is administered in the District of Columbia.

### Parties

4. Plaintiff Esther Hankerson is an adult resident of Upper Marlboro, Maryland.

5. Plaintiff Constance M. Pendergrass is an adult resident of the District of Columbia.

6. Defendant Washington Teachers' Union, Local 6, American Federation of Teachers, AFL-CIO ("WTU"), is the Administrator of the Washington Teachers' Union, Local 6, American Federation of Teachers, AFL-CIO Staff Retirement Plan ("Plan"). As such, it is an "administrator" of the Plan within the meaning of ERISA Section 3(16)(A)(i), 29 U.S.C. §1002(16)(A)(i).

7. Upon information and belief, the Plan is an employee pension benefit plan established by the Washington Teachers' Union, Local 6, American Federation of Teachers, AFL-CIO ("WTU"), which was established at some time on or after 1994. The Plan provides retirement benefits to employees of the Washington Teachers' Union, Local 6, American Federation of Teachers, AFL-CIO, in accordance with a plan of benefits as set forth in the Pension Trust's plan document.

8. Defendant Washington Teachers' Union, Local 6, American Federation of Teachers, AFL-CIO, is, on information and belief, a tax-exempt, private sector labor organization that is an affiliate of the American Federation of Teachers ("AFT"). At all times material hereto, current and former WTU employees have been participants in the Plan.

## FACTS

10. The Plan, at all relevant times, has been financed by contributions made by the WTU whose employees are participants in the Plan.

11. Plaintiffs are participants in the Plan, and became participants in the Plan as a benefit of their full-time employment with WTU.

12. At all times relevant to this action WTU, the Plan's Administrator, has had its office located at 1717 K Street, N.W., Suite 902, Washington, District of Columbia 20036.

13. As the Plan's Administrator WTU has a legal duty under ERISA, 29 U.S.C. §1024(b)(4), upon the written request of any participant or beneficiary, to provide a copy of "the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract or other instruments under which the plan is established or operated.

14. On December 2, 2005, Plaintiffs wrote to George Parker, President of WTU, and Pat Jones, National Representative, AFT, as the WTU Plan Administrator, to request "copies of all plans relating to retirement available to full time staff and officers from 1994 to present. Additionally, they asked "for documents that explain the obligation of the WTU to pay 11 % of the employees' annual salary into a pension fund." They requested that the Plan Administrator submit the requested documents "within 30 days from the date of [their] letter."

15. Plaintiffs did not receive a response to their December 2, 2005 letter within 30 days nor did they receive a copy of any of the relevant plans within that time period.

16. On March 1, 2006, Plaintiffs' counsel submitted to the Plan Administrator a second written request for copies of the relevant plan documents which Plaintiffs had requested by their December 2, 2005 letter. In his letter, Plaintiffs' counsel made clear to the Plan Administrator that Plaintiffs had requested the plan documents in order to resolve questions about their benefits due from the Plan and may have a claim for additional benefits.

17. In his March 1, 2006 letter, Plaintiffs' counsel also advised the Plan Administrator that ERISA Section 1132(c) provides that a Plan Administrator's refusal to supply requested information within 30 days of the request is subject to a fine of $100.00 per day per participant from the date of such failure or refusal.

18. On April 17, 2006, Plaintiffs' counsel received a copy of the current Plan Document with respect to the WTU Staff Retirement Plan from an attorney with the firm that represents the Plan. In his letter Plan counsel indicated he was prepared to answer Plaintiffs' questions regarding the Plan and their benefits.

19. Following subsequent communications between counsel, Plan counsel responded to Plaintiffs' concerns regarding their benefit entitlements by letter dated June 22, 2006, and agreed to obtain information regarding the contributions WTU made to the Plan on their behalf in order to address their continuing concern that WTU may not have made all the required contributions on their behalf.

20. On August 31, 2006, plaintiffs' counsel wrote the Plan's counsel to request the contribution histories for both Plaintiffs during the years 1994 through 2002 when the Plaintiffs were full time employees of WTU but had reason to believe that no contributions were made to the Plan on their behalf.

21. As of the current date, Plaintiffs have not received the requested contribution histories necessary to address and resolve their concern that WTU made no contributions on their behalf during the period of 1994 through 2002.

22. The Plan Administrator's failure and refusal to timely provide Plaintiffs with the plan documents as they had requested in writing and the failure and refusal to provide them with the contribution histories for the time period of 1994 through 2002, as they had similarly requested in writing, has left them uncertain of whether they have received the benefits to which they are entitled and without an adequate and confident resolution of the concerns which prompted them to make their written requests for plan documents to the Plan Administrator.

**COUNT I**
**STATUTORY PENALTY SHOULD BE ASSESSED WHERE PLAN ADMINSITRATOR FAILED AND REFUSED TO TIMELY RESPOND TO PARTICIPANTS' WRITTEN REQUEST FOR PLAN DOCUMENTS**

23  Paragraphs 1 through 22 are incorporated by reference.

24. Pursuant to Section 502(c)(1)(B) of ERISA, 29 U.S.C. §1132(c)(1)(B), the Plan Administrator is subject to a penalty of $100.00 per day to each affected participant for each day the Plan Administrator has failed or refused to comply with a participant's written request within thirty (30) days of the request.

25. Having failed and refused to timely respond to Plaintiffs' written requests for relevant plan documents and for their contribution histories which failure and refusal has left Plaintiffs with continuing uncertainty regarding their entitlement to benefits under the Plan, the Plan Administrator is appropriately subject to the statutory penalty set forth in Section 502(c)(1)(B) of ERISA.

## RELIEF REQUESTED

WHEREFORE, the Plaintiffs respectfully request the following relief on their behalf:

A. Determine that Defendant Washington Teachers Union, Local 6, should be assessed the statutory penalty of $100.00 per day for each day the Plan Administrator failed and refused to comply with its obligation to comply with Plaintiffs' written request for relevant plan documents beyond the thirty (30) days allowed it to provide the requested plan documents, and to award that assessment as judgment for the Plaintiffs;

B. Award Plaintiffs their reasonable attorney's fees and costs incurred in bringing and prosecuting this action; and

C. Award such further legal and equitable relief as it deems just and proper.

Respectfully submitted,

*/s/ M. David Kelly*

                                  Jonathan G. Axelrod [DC Bar No. 210245]
                                  H. David Kelly, Jr. [DC Bar No. 471254]
                                  Beins, Axelrod, Gleason & Gibson, P.C.
                                  1625 Massachusetts Ave., NW
                                  Suite 500
                                  Washington, DC 20036
                                  (202) 328-7222
                                  (202) 328-7030-fax
                                  jaxelrod@beinsaxelrod.com
                                  dkelly@beinsaxelrod.com

Attorneys for Plaintiff Esther Hankerson and Constance M. Pendergrass

December 20, 2006

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Esther Hankerson and
216 Graiden St.
Upper Marlboro, MD 20774

Constance Pendergrass
3106 Alabama Ave., SE
Washington, DC 20020

## DEFENDANTS

Washington Teachers' Union
Local 6, American Federation of Teachers, AFL-CIO
1717 K St., NW, Washington, DC 20005

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

H David Kelly
Beins, Axelrod, Gleason, Gibson, P.C.
1625 Massachusetts Ave, NW, #500
Washington, DC 20036

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
29USCSec1132 Suit to recover statutory penalty form plan administrator

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ $21,200   Check YES only if demanded in complaint
JURY DEMAND: YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 12/20/2006   SIGNATURE OF ATTORNEY OF RECORD  *A. David Kelly*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.