UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTHER HANKERSON and<br>CONSTANCE PENDERGRASS,<br><br>                Plaintiffs,<br><br>        v.<br><br>WASHINGTON TEACHERS' UNION<br>LOCAL 6, AMERICAN FEDERATION<br>OF TEACHERS, AFL-CIO<br><br>                Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 1:06-CV-2170<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER**

Defendant Washington Teachers' Union Local 6, American Federation of Teachers, AFL-CIO hereby answers the Complaint filed in this matter as follows.

1.      Paragraph 1 of the Complaint does not contain any allegations of fact which require response. However, to the extent that the paragraph might be deemed to contain any allegations of fact, they are denied.

2.      Paragraph 2 of the Complaint is denied. The Court lacks subject matter jurisdiction in this matter because neither Plaintiff was a participant in the pension plan sponsored by the Defendant at the time this action was commenced.

3.      Paragraph 3 of the Complaint is denied. Venue is not appropriate in this Court because the Court lacks subject matter jurisdiction.

4.      Paragraph 4 of the Complaint is admitted

5.      Paragraph 5 of the Complaint is admitted.

6. Paragraph 6 of the Complaint is admitted

7. Paragraph 7 of the Complaint is admitted.

8. The first sentence of Paragraph 8 of the Complaint is admitted. The allegations contained in the remainder of the paragraph are denied.

9. The Complaint contains no paragraph designated Paragraph 9.

10. Paragraph 10 of the Complaint is admitted.

11. Paragraph 11 of the Complaint is denied to the extent that it alleges that Plaintiffs were, at the time this matter was commenced, participants in the pension plan sponsored by the Defendant. Defendant admits that Plaintiffs had previously been participants in the Plan.

12. Paragraph 12 of the Complaint is admitted.

13. Paragraph 13 of the Complaint contains assertions of law and therefore need neither be admitted nor denied. However, to the extent that any allegations contained in the paragraph may be deemed to require a response, the allegations are denied.

14. Paragraph 14 of the Complaint is denied.

15. Paragraph 15 of the Complaint is denied.

16. Paragraph 16 of the Complaint is denied.

17. Paragraph 17 of the Complaint is denied.

18. Paragraph 18 of the Complaint is admitted.

19. The allegation contained in Paragraph 19 of the Complaint that Fund Counsel offered to answer questions which plaintiffs might have about their benefit status is admitted. The remainder of the allegations contained Paragraph 19 are denied.

20. Paragraph 20 of the Complaint is denied.

21.     Paragraph 21 of the Complaint is denied.

22.     Paragraph 22 of the Complaint is denied .

23.     Paragraph 23 of the Complaint realleges prior paragraphs of the complaint and, as such, requires no response.  However, to the extent that any allegations requiring response may be deemed to have been made by the paragraph, they are denied.

24.     Paragraph 24 of the Complaint states a provision of law which need not be admitted nor denied.  However to the extent any allegations may be deemed to require a response, they are denied.

25.     Paragraph 25 of the Complaint is denied.

26.     Any allegation contained in the Complaint that has not heretofore been expressly admitted or denied is hereby denied.

## AFFIRMATIVE DEFENSES

### The Court Lacks Jurisdiction

Section 502(a) of the Employee Retirement Income Security Act permits actions to enforce the requirements of ERISA Section 105, which obligate the sponsors of pension plans to provide the documents and/or information which Plaintiffs in this action assert they were entitled to and did not receive, by plan participants.  Neither Plaintiff was a participant in the Plan at the time this action was commenced because both had previously withdrawn from the Plan all sums in their benefit accounts.

**Statute of Limitations**

This action is barred by the applicable statute of limitations.

                                               Respectfully submitted,

                                               /S/

Date:  March 13, 2007                            _____
                                               Thomas J. Hart (Bar No. 165647)
                                             Slevin & Hart, P.C.
                                             1625 Massachusetts Avenue, N.W.
                                             Suite 450
                                             Washington, D.C.  20036
                                             Telephone No.  (202) 797-8700
                                             Facsimile No.  (202) 234-8241
                                             thart@slevinhart.com

                                             Attorney for Defendant

37521