# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTHER HANKERSON )<br>)<br>and )<br>)<br>CONSTANCE M. PENDERGRASS )<br>)<br>    Plaintiffs, )<br>)<br>    v. )<br>)<br>WASHINGTON TEACHERS' UNION, )<br>LOCAL 6, AMERICAN FEDERATION OF )<br>TEACHERS, AFL-CIO )<br>)<br>    Defendant. ) | C. A. No. 1:06-CV-2170 |

## JOINT REPORT TO THE COURT PURSUANT TO RULE 16.3

Pursuant to Paragraph 8 of the Court's Standing Order, the parties in the above captioned matter submit this Joint Report.

This case is brought pursuant to the Employee Retirement Income Security Act, as amended, 29 USC §1001 *et seq.*.  The Complaint, filed by the two named Plaintiffs, asks that the Court impose a statutory penalty on the Defendant Plan Administrator because the Defendant allegedly failed to meet an obligation to timely respond to Plaintiffs' written requests for information regarding the Plans in which they were participants, including information concerning their benefits.  Plaintiffs assert that they are authorized to maintain this action where they believe, but are not certain of, the extent to which that they are entitled to benefits under the Plan or Plans. Plaintiffs submitted written requests to the Plan Administrator for the requisite information from the Plan Administrator to assist them in making that determination. Defendant

Plan Administrator contends that Plaintiffs, as of the filing of this action, were no longer participants in the Plan because they had withdrawn all benefits to which they were entitled and therefore are not authorized to maintain this action.

Plaintiffs allege that this action arises from and jurisdiction is proper under the Employee Retirement Income Security Act of 1974 ("ERISA"), Section 502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1) and under 28 U.S.C. §1131 in that this action presents a federal question. Plaintiffs seek relief under section 502(c), 29 U.S.C. §1132(c), which provides that a plan administrator's failure to supply requested information within thirty days of the request is subject to a fine of up to $100 per day per participant from the date of such failure or refusal at the discretion of the court.

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on May 29, 2007 at 1625 Massachusetts Ave., NW, Ste 450, Washington D.C. 20036, and was attended by: David Kelly for Plaintiffs and Thomas Hart for Defendant. Pursuant to Rule 16.3 of this Court, the parties hereby submit this Joint Report concerning the thirteen specific matters set out in Rule 16.3 of this Court.

1. The parties agree that it is likely to be the case that this action will be disposed of by dispositive motion. However, whereas Plaintiffs expect that following the conclusion of discovery, motions for summary judgment will be filed, Defendant believes it is entitled to judgment on the pleadings, or summary judgment based on affidavits, and intends to submit a motion requesting judgment in its favor without pursuing any discovery in this action.

2. There is no expectation that any other parties will be joined to this action nor is it expected that their pleadings will be amended. The parties anticipate that some, and possibly all, factual and legal issues will be narrowed if not agreed upon.

3. The parties do not request that this case be assigned to a magistrate judge for all purposes.

4. <u>Settlement</u>.

    a. The Parties intend to actively pursue a settlement and are hopeful that this matter will settle.  However, at this time, Plaintiffs are awaiting receipt of requested information from the Defendant Plan Administrator and it is therefore not feasible at this time for the parties to evaluate the realistic likelihood of a settlement.  Plaintiffs anticipate that they will be better able to evaluate settlement after the close of discovery.

5. At this time, the parties are not in a position to determine whether the case could benefit from the Court's alternative dispute resolution procedures.

6. The parties anticipate that it is likely that this action will be disposed of by dispositive motions.  All potentially dispositive motion should be filed by November 21, 2007. All replies should be filed by December 21, 2007.

7. Pre-discovery Disclosures.  The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) no later than close of business on Monday, June 18, 2007.

8. <u>Discovery Plan</u>.  The parties are not able to reach agreement on a discovery plan at this time.

    a. The parties do not agree regarding the need for discovery in this action. Plaintiffs believe discovery is needed on the subject of the Plaintiffs' status as participants in the Washington Teachers' Union, Local 6, American Federation of Teachers, AFL-CIO Staff Retirement Plan ("Plan") and in any other retirement plan maintained by their former employer, the Plan Sponsor and Plan Administrator

Defendant Washington Teachers' Union, Local 6, American Federation of Teachers, AFL-CIO ("WTU"); as well as with respect to WTU's obligations under the Plan or Plans, including its duty to respond timely to written requests for information; and with respect to any reasons for Defendant's failure to timely respond to Plaintiffs' respective requests.

b. <u>Plaintiff's Proposed Discovery Plan</u>:

Plaintiffs do not share Defendant's belief that this case can be resolved through its submission of a motion for judgment on the pleadings or for summary judgment based on affidavits, but instead believe that it is necessary that Plaintiffs be permitted to conduct discovery in support of their claims and with respect to Defendant's defenses. Accordingly, Plaintiffs propose as follows:

c. All discovery shall be commenced in time to be completed by October 19, 2007. Plaintiffs believe this timeframe should be subject to adjustment based upon the Court's ruling on Defendant's anticipated request to stay discovery pending decision on its motion for judgment on the pleadings or for summary judgment, such that the time period suggested for the parties to conduct discovery would remain the same with all dates adjusted to allow for any period when discovery is stayed or otherwise limited during the pendency of the Court's consideration of the motion defendant's intend to submit;

d. Maximum of 25 interrogatories by each party to any other party.

e. Maximum of 10 depositions by plaintiffs and defendant.

f. Each deposition shall be limited to a maximum of 1 day of 7 hours under Fed. R. Civ. P. 30(d)(2).

      g. <u>Defendant's Proposed Discovery Plan</u>:

      Defendant believes that one or more of Defendant's defenses may resolve the case on a motion for judgment on the pleadings or motion for summary judgment, without the need for discovery, and suggests that discovery be delayed until the Court rules on such a motion. Defendant suggests a proposed date of July 27, 2007 for submission of motions for judgment on the pleadings, with oppositions to such motions due on August 27, 2007 and replies due on September 10, 2007, with the timeframe for discovery to begin 30 days after the Court's decision on such motions and proceed with the same amounts of time as proposed by Plaintiffs, with the dates adjusted accordingly. Defendant agrees with the amount of time under Plaintiffs' proposal for each phase of discovery.

9. Neither party anticipates that an expert witness would be retained in this action and thus they are in agreement that there is no need to provide for the exchange of reports under Rule 26(a)(2).

10. No class action is anticipated.

11. 11. It is not anticipated that either trial or discovery will require bifurcation, although as noted above the parties disagree regarding the need for discovery in this action.

12. A pretrial conference should be set by the Court _____.

13. The Court should set a date for the trial at the first scheduling conference.

Respectfully submitted,

_____
H. David Kelly, Jr. (DC Bar # 471254)
Beins, Axelrod, P.C.
1625 Massachusetts Avenue, N.W., Ste 500
Washington, D.C. 20036-
202-328-7222
202-328-7030 (fax)
dkelly@beinsaxelrod.com

Counsel for the Plaintiffs


_____
Thomas J. Hart (DC Bar # 165647)
Slevin & Hart, P.C.
1625 Massachusetts Avenue, N.W., Ste. 450
Washington D.C. 20036
202-797-8700
202-234-8231 (fax)
thart@slevinhart.com

Counsel for Defendant


Dated:  June \_\_\_\_ , 2007