UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTHER HANKERSON<br><br>and<br><br>CONSTANCE M. PENDERGRASS<br><br>      Plaintiffs,<br><br>  v.<br><br>WASHINGTON TEACHERS' UNION,<br>LOCAL 6, AMERICAN FEDERATION OF<br>TEACHERS, AFL-CIO<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C. A. No. 1:06-CV-2170<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT MOTION FOR CHANGE TO SCHEDULING ORDER**

The parties, believing that there is a good likelihood of the above captioned matter can be settled, respectfully request that the Court extend the dates set out in its scheduling order entered June 25, 2007 by sixty days and reschedule the status hearing currently set for October 25, 2007 to a later time.

This case is brought pursuant to the Employee Retirement Income Security Act, as amended, 29 USC §1001 *et seq.*.  The Complaint, filed by the two named Plaintiffs, asks that the Court impose a statutory penalty on the Defendant Washington Teachers Union (WTU) because it, as the administrator of the WTU Staff Retirement Plan, allegedly failed to meet an obligation to timely respond to Plaintiffs' written requests for information regarding the Plans in which they were participants, including information concerning their benefits.  However, it has become apparent during the course of preliminary discovery, and as a result of the mediation

efforts of Magistrate Judge Facciola, that their claim is actually that contributions that were required to be made to the Plan on their behalf were not made. In other words, Plaintiffs seek pension benefits which they claim are owed to them.

The parties have agreed in principle to settle this matter. The WTU will make any contributions to the Plan that, as a matter of law and consistent with Plan rules, should have been made to the Plan on their behalf, but were not, within the relevant limitations period. Reaching an appropriate settlement amount requires that records of the defendant Pension Plan and Washington Teachers Union be obtained and reviewed. This is necessary because the WTU Plan is a profit sharing plan to which employee contributions are entirely discretionary. It appears that there were several years during the period relevant to the complaint for which no contributions were made on behalf of any participants; for those years, no contributions would have been required to be made for Plaintiffs. In other years, contributions were made to the Plan; but the records that would indicate whether contributions were made on behalf of Plaintiffs have yet to be found.

Unfortunately, locating the applicable records has been difficult because the WTU had been the subject of a criminal investigation several years ago by the United States Attorney for the District of Columbia when it was controlled by former officers (since convicted of embezzlement) and a forensic audit undertaken at the behest of the WTU's parent organization: the American Federation of Teachers, AFL-CIO. The great bulk of the WTU's books and records (and virtually all books and records potentially relevant to this litigation) had been removed by the U.S. Attorney but, apparently, not returned. Moreover, the Plan's third party administrator was sold last year and the new administrator is having difficulty obtaining relevant records for the period at issue.

Defendant is in the process of obtaining the relevant records. However, that task has proved to be more formidable than expected. Defendant has located boxes in the possession of a law firm that represented the WTU during the criminal investigation period which are believed to contain copies of the WTU's records; but, they are not organized in any useful fashion. It will, accordingly, likely take several weeks to locate the relevant records in them (assuming they are there).

In light of the foregoing, the parties request that the Court modify its scheduling order to provide as follows:

1. Discovery shall be completed by December 12, 2007;

2. Dispositive Motions are due by January 12, 2008;

3. Oppositions to Dispositive Motions are due by February 21, 2008;

4. Replies to Dispositive Motions are due by March 2, 2008.

The parties also ask that the status hearing scheduled for October 25, 2007 be rescheduled for such later date as may be convenient for the Court consistent with the above schedule.

Respectfully submitted,

/s/
David H. Kelly, Esq. (DC Bar No. 471254)
Beins, Axelrod, P.C.
1625 Massachusetts Avenue, N.W., Ste 500
Washington, D.C. 20036
Telephone No. (202) 328-7222
Fax No. (202) 328-7030
dkelly@beinsaxelrod.com

Attorneys for the Plaintiffs

3

/s/
Thomas J. Hart (DC Bar No. 165647)
Slevin & Hart, P.C.
1625 Massachusetts Avenue., N.W.,
Suite 450
Washington D.C. 20036
Telephone No. (202) 797-8700
Fax No. (202) 234-8231 (fax)
thart@slevinhart.com

Attorney for Defendant

Dated: October 1, 2007

69234

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTHER HANKERSON )<br>)<br>and )<br>)<br>CONSTANCE M. PENDERGRASS )<br>)<br>Plaintiffs, )<br>) C. A. No. 1:06-CV-2170<br>v. )<br>)<br>WASHINGTON TEACHERS' UNION, )<br>LOCAL 6, AMERICAN FEDERATION OF )<br>TEACHERS, AFL-CIO )<br>)<br>Defendant. | |

**ORDER**

Upon consideration of the joint motion of the parties to the above captioned matter for a modification of the Court's scheduling order entered June 25, 2007, which motion states good and sufficient cause for such modification, the parties' motion is hereby granted and the following schedule shall be followed:

1. Discovery shall be completed by December 12, 2007;

2. Dispositive Motions are due by January 12, 2008;

3. Oppositions to Dispositive Motions shall be due by February 21, 2008;

4. Replies to Dispositive Motions shall be due by March 2, 2008;

5. A status hearing shall held on _____, 2007 at _____

Dated: _____                    _____
                                          United States District Judge